

**ORDERED in the Southern District of Florida on July 26, 2012.**

A. Jay Cristol, Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov**

IN RE:

ALVARO ALVAREZ

CASE NO.: 2012-17020-AJC
CHAPTER: 13

Debtor
_____/

### ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY MICHAEL LOGUE, DE #19

THIS CASE came to be heard on July 24, 2012, on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property Held by Michael Logue,* (Docket Entry #19; the "Motion"). Based upon the Debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A. The value of Debtors' real property (the "Real Property") located at 13690 SW 79 Street, Miami, Florida 33183, more particularly described as:

**Legal Description: LOT 1, BLOCK 17, KENDALE LAKES SECTION THREE, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 89, PAE 27, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA**

    is $220,000.00 at the time of filing of this case.

B.     The total of all claims secured by liens on the Real Property senior to the lien of Bank of America (the "Lender") is $292,330.00.

C.     The equity remaining in the real property after payment of all claims secured by liens senior to the lien of Lender is $0.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The motion is **GRANTED.**
2. Lender has an allowed secured claim of $0.00.
3. Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded August 31, 2006 at Book 24864 Pages 4073-4076 (4 pages) in the official records of Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.
4. Lender has not filed a proof of claim in this case. The debt shall be classified as a secured claim in the amount stated in paragraph 2, above and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.
5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.
6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

Submitted By:
RICARDO CORONA, ESQ.
Florida Bar No. 111333
CORONA LAW FIRM
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.