UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                  Case No.: 12-17020-AJC
ALVARO ALVAREZ,                                                  Chapter 13
      Debtor.
_____/

**SECURED CREDITOR'S MOTION FOR COMFORT ORDER THAT AUTOMATIC
STAY NOR DISCHARGE INJUNCTION PROHIBITS HIM FROM RESETTIING
FORECLOSURE SALE ON REAL PROPERTY JOINTLY
OWNED BY NON-DEBTOR SPOUSE**

      Secured creditor, Michael Logue, who holds a note and second mortgage on real property jointly owned by the Debtor and his non-debtor spouse, moves for a comfort Order that he is not in violation of the automatic stay or discharge injunction under Debtor's confirmed plan by resetting the foreclosure sale on the jointly-owned property and states as follows:

      1.      The Debtor, Alvarez Alvaro, filed ap individual chapter 13 petition March 23, 2012.

      2.      The Debtor filed an Amended Chapter 13 Statement of CMI (DE #8) which incorrectly stated that the Debtor was unmarried.

      3.      On July 27, 2012, the Court entered Order (DE #31) stripping Secured Lender's second mortgage on the Debtor's real property at 13690 SW 79 Street, Miami, FL 33183 ("Real Property").

      4.      Thereafter the Court entered an Order confirming Debtor's First Amended Plan (DE #28) which did not provide for payment of Secured Creditor's stripped second mortgage.

**Secured Creditor's Note And Mortgage Signed D{ 'Both
Debtor And Non-Debtor Spouse And Final Judgment**

      5.      Prepetition.''on April 23, 2002, the Debtor and his non-debtor spouse acquired a deed to the Real Property jointly as husband and wife. A copy of the deed is **Exhibit A**. The Miami-Dade public records do not reflect a transfer of ownership in the Real Property since that time.

6.	Prepetition the Debtor and his wife, Maria C. Alvarez, jointly executed a note secured by a second mortgage on the Real Property record OR BK 24864 PG 4073 – 4076.

7.	On January 25, 2012, the circuit court in case no 11-18231-CA-01 entered Final Judgment of Foreclosure against both Debtor and non-debtor spouse in the amount of $37,240.32 plus interest at judgment rate and set the foreclosure sale for February 29, 2012, later reset. A copy of the final judgment is **Exhibit B**. Before the reset sale occurred, the Debtor filed his individual Chapter 13.

## **Debtor's Plan and Order Stripping Lien From His Interest Does Not Affect Enforceability Of Lien On Non-Debtor's Interest**

8.	The Bankruptcy Code does not authorize a bankruptcy court to eliminate a lienholder's rights with respect to a non-debtor's interest in real property. *In re Alvarez*, 733 F.3d 136, 142 (4th Cir. 2013)("A debtor's reorganization plan, upon confirmation by the bankruptcy court, binds only the debtor and that debtor's creditors. 11 USC § 1327(a). Therefore, the bankruptcy court is without authority to modify a lienholder's rights with respect to a non-debtor's interest in a property held in a tenancy by the entirety"); *In re Alvarez*, 2012 WL 1425097 (Bankr. S.D.Fla. April 24, 2012)(Cristol, J.); *In re Pierre*, 468 B.R. 419, 427 (Bankr. M.D.Fla. 2012).

**WHEREFORE** the secured creditor respectfully requests a comfort Order that he will not be in violation of the automatic stay or the discharge injunction or the Order stripping the lien by resetting the foreclosure sale on the Real Property to enforce his lien against the non-debtor's interest in said property and granting such other and further relief as is just and fair.

## CERTIFICATE OF SERVICE

**I CERTIFY** that a copy the above was served via ECF on all registered users entitled to such notice and as indicated on the attached **SERVICE LIST** and by US Mail to the Debtor 13690 SW 79 Street, Miami, FL 33183 and I further certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1 on October 8, 2018.

>AM LAW, LLC.
>Counsel for Michael Logue
>7385 SW 87th Avenue, Suite 100
>Miami, FL 33173
>PH: 305.441.9530
>FX: 305.595.5086
>babreu@amlaw-miami.com
>
>By:/s Gary M. Murphree_____
>   Gary M. Murphree, Esq.
>   FBN: 996475

OFF.REC.BK.
20426PG2189

Prepared by and return to
Mariano J. Perez
Law Center Title Services, Inc.
9360 Sunset Drive, Suite 232
Miami, Florida 33173

02R330224 2002 MAY 29 16:14

Parcel ID Number: 30-4934-003-1170
Grantee #1 TIN:
Grantee #2 TIN:

DOCSTPDEE 1,101.00 SURTX 0.00
HARVEY RUVIN, CLERK DADE COUNTY, FL

# Warranty Deed

This Indenture, Made this 23rd day of April, 2002 A.D., Between
**Denyse M. Hidalgo, a single woman**

of the County of **Miami-Dade**, State of **Florida**, grantor, and
**Alvaro Alvarez and Maria C. Alvarez, husband and wife**

whose address is: **13690 S.W 79 Street, Miami, FL 33183**

of the County of **Miami-Dade**, State of **Florida**, grantees.

**Witnesseth** that the GRANTOR, for and in consideration of the sum of
------------------------------TEN DOLLARS ($10)---------------------- DOLLARS,
and other good and valuable consideration to GRANTOR in hand paid by GRANTEES, the receipt whereof is hereby acknowledged, has granted, bargained and sold to the said GRANTEES and GRANTEES' heirs, successors and assigns forever, the following described land, situate, lying and being in the County of **Miami-Dade** State of **Florida** to wit:

**Lot 1, in Block 17, of Kendale Lakes section Three, according to the Plat Thereof, as recorded in Plat Book 89, at page 27, of the Public Records of Miami-Dade County, Florida.**

RECORDED IN OFFICIAL RECORDS BOOK
OF DADE COUNTY, FLORIDA
RECORD VERIFIED
HARVEY RUVIN
CLERK CIRCUIT COURT

and the grantor does hereby fully warrant the title to said land, and will defend the same against lawful claims of all persons whomsoever.

**In Witness Whereof,** the grantor has hereunto set his hand and seal the day and year first above written.
Signed, sealed and delivered in our presence:

Printed Name: MARIANO J PEREZ
Witness

_____ (Seal)
Denyse M. Hidalgo
P.O. Address: 13690 SW 79 Street, Miami Fl. 33183

Printed Name: Marilyn Maza
Witness

_____ (Seal)
P.O. Address:

STATE OF Florida
COUNTY OF Miami-Dade

The foregoing instrument was acknowledged before me this 23rd day of April, 2002 by
**Denyse M. Hidalgo**
who are personally known to me or who have produced their **Florida driver's license** as identification.

OFFICIAL NOTARY SEAL
MARIANO J PEREZ
COMMISSION NUMBER
DD043476
MY COMMISSION EXPIRES

Printed Name:
Notary Public
My Commission Expires:

22-0419

*37,240.32*

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

MICHAEL LOGUE,
ROBERT MORRISON and ROBERTA
MORRISON,

    Plaintiffs,

v.

CASE NO. 11-18231 CA 01 (10)

ALVARO ALVAREZ and
MARIA C. ALVAREZ,

    Defendants.
_____/

## FINAL JUDGMENT OF FORECLOSURE
(Pursuant to Administrative Order 09-09)

**THIS ACTION** was heard before the Court on Plaintiff's Motion for Summary Final Judgment on _____, 201___. On the evidence presented, **IT IS ORDERED AND ADJUDGED** that:

1. The Plaintiff's Motion for Summary Judgment is **GRANTED**. Service of process has been duly and regularly obtained over Defendants: ALVARO ALVAREZ and MARIA ALVAREZ.

2. **Amounts Due.** There is due and owing to the Plaintiff the following:

| | |
|---|---|
| Principal due on the note secured by the mortgage foreclosed: | $ 30,000.00 |
| Interest on the note and mortgage from 08-01-2010 to 12-01-2011 | $ 4,801.82 |
| Per diem interest at 11 % ($9.86) from 09-01-2010 to 12-01-2011   $_____ | |
| Title search expenses | $ 270.00 |
| Taxes for the year of _____ | $_____ |
| Insurance Premiums | $ |

**Court Costs:**

| | |
|---|---|
| Filing fee | $ 421.00 |
| Service of Process at $ n/a    per defendant | $ 92.50 |
| Publication for _____ | $_____ |
|     **SUBTOTAL** | $ |
| **Additional Costs:** | |
| Record Lis Pendens | $ 5.00 |

Exhibit B    Page 1 of 4

| | |
|---|---|
| Clerk of Courts | $ |
| Collateral Preservation | $ |
| Courier | $ |
| **SUBTOTAL** | $ |
| Attorney fees based upon 6 hours at $ 275.00 per hour | $ 1,650.00 |
| Less: Undisbursed escrow funds | $ 0.00 |
| Less: Unearned insurance premiums | $ 0.00 |
| **GRAND TOTAL** | $ 37,240.32 |

3. **Interest.** The grand total amount referenced in Paragraph 2 shall bear interest from this date forward at the prevailing legal rate of interest.

4. **Lien on Property.** Plaintiff, whose address is 4118 Ventura Avenue, Miami, FL 33133, holds a lien for the grand total sum specified in Paragraph 2 herein. The lien of the plaintiff is superior in dignity to any right, title, interest or claim of the defendants and all persons, corporations, or other entities claiming by, through, or under the defendants or any of them and the property will be sold free and clear of all claims of the defendants, with the exception of any assessments that are superior pursuant to Florida Statutes, Section 718.116. The Plaintiff's lien encumbers the subject property located in Miami-Dade County, Florida and described as:

   LOT 1, BLOCK 17, KENDALE LAKES SECTION THREE, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 89, PAGE 27, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

   Property address:   13690 SW 79th St., Miami, FL 33183

5. **Sale of property.** If the grand total amount with interest at the rate described in Paragraph 3 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on __FEB 2 9 2012__, at 11:00 A. M.. to the highest bidder for cash, except as prescribed in Paragraph 6, at Room 908, 140 West Flagler Street, Miami, Florida after having first given notice as required by Section 45.031, Florida Statutes. OR WWW.miamidade.realforeclose.com website for online auctions starting 9:00 am.

6. **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale. If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment or such part of it, as is necessary to pay the bid in full. The Clerk shall receive the service



Exhibit  B     Page 2 of 4

charge imposed in Section 45.031, Florida Statutes, for services in making, recording, and certifying the sale and title that shall be assessed as costs.

7. **Right of Redemption.** On filing of the Certificate of Sale, defendant's right of redemption as prescribed by Florida Statutes, Section 45.0315 shall be terminated.

8. **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale. During the sixty (60) days after the Clerk issues the certificate of disbursements, the Clerk shall hold the surplus pending further Order of this Court.

9. **Right of Possession.** Upon filing of the Certificate of Title, defendant and all persons claiming under or against defendant since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property and the purchaser at sale shall be let into possession of the property.

10. **Attorney Fees.** The Court finds, based upon the affidavits presented and upon inquiry of counsel for the plaintiff, that ____ hours were reasonably expended by plaintiff's counsel and that an hourly rate of $ _____ is appropriate. PLAINTIFF'S COUNSEL REPRESENTS THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED ITS CONTRACT FEE WITH THE PLAINTIFF. The Court finds that there are no reduction or enhancement factors for consideration by the Court pursuant to *Florida Patient's Compensation Fund v. Rowe,* 472 So.2d 1145 (Fla. 1985).

11. **NOTICE PURSUANT TO AMENDMENT TO SECTION, 45.031, FLA.ST. (2006)**

    IF THIS PROPERTYIS SOLD AT PUBLIC AUCTIONM, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.

    IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (6) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YO WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

    IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO

ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FO RYOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 140 WEST FLAGLER STREET, ROOM 908, MIAMI, FLORIDA (TELEPHONE: (305) 375-5943), WITHIN 10 DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LEGAL AID SOCIETY AT THE DADE COUNTY BAR ASSOCIATION, 123 NW FIRST AVENUE, SUITE 214, MIAMI, FLORIDA, (TELEPHONE: (3050 579-5733), TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY, OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE DADE COUNTY BAR ASSOCIATION LEGAL AID SOCIETY, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

12. **Jurisdiction.** The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments.

DONE AND ORDERED in Chambers, in Miami-Dade County, Florida, this ___ day of _January_, 20__.

_____
Circuit Court Judge

Copies furnished to all parties:

COPY HAND DELIVERED
TO PLTF'S ATTY
IN LIEU OF MAILING

Exhibit B    Page 4 of 4

Bk 27973 Pg 2495 CFN 20120053827 01/25/2012 11:35:25 Pg 4 of 4 Mia-Dade Cty, FL